**Entered on Docket
October 03, 2005**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed: October 03, 2005**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 05-43228 TG
                                         Chapter 13
ANDREW T. COOK,

              Debtor.
_____/

### MEMORANDUM OF DECISION

Creditors Mark D. Shapiro and GoGuys, Inc. (the "Creditors")
move to dismiss the above-captioned chapter 13 case. They contend
that the above-captioned debtor (the "Debtor") is not eligible to
be in chapter 13 because his noncontingent, liquidated unsecured
debts exceed the debt limits established by 11 U.S.C. § 109(e).
For the reasons discussed below, the Court agrees with the
Creditors that the Debtor is ineligible to be a chapter 13 debtor.
The Court will dismiss the case unless the debtor files a request
for conversion to chapter 7 within the time period specified
below.[1]

_____

[1]At the hearing on the motion, the Debtor asked the Court
to convert the case to chapter 7 rather than dismissing it if it
concluded that the Debtor was ineligible for chapter 13. A

**DISCUSSION**

On February 8, 2005, the Creditors filed a lawsuit against the Debtor in state court. Shortly thereafter, the Creditors filed an application for a writ of attachment which was granted over the Debtor's opposition. The amount of the Creditors' Claim included in the right to attach order was $345,561.35 (the "Creditors' Claim"). At present, an individual is ineligible for chapter 13 under 11 U.S.C. § 109(e) if his noncontingent, unsecured, liquidated debts exceed $307,675. Thus, if the Creditors' Claim is noncontingent, unsecured, and liquidated, the Debtor is ineligible for chapter 13. There is no contention that the Creditors' Claim is contingent or secured,[2] or the amount of the Creditors' Claim is liquidated. However, the Debtor disputes that he is personally liable for the Creditors' Claim. He contends that the Creditors' Claim is the debt of a corporation in which he was a shareholder, Tax Advantage, Inc. (the "Corporation").

The leading Ninth Circuit Court of Appeals case on whether and to what extent a dispute as to liability can render a claim unliquidated under 11 U.S.C. § 109(e) is In re Slack, 187 F.3d 1070 (9th Cir. 1999). In Slack, a state court issued a tentative decision against the debtor based on claims of fraud and negligent misrepresentation in an amount in excess of the chapter 13 debt

_____

chapter 13 debtor has a right to convert the case to chapter 7 at any time. See 11 U.S.C. § 1307(a).

[2]There is no evidence that the Creditors ever levied the writ of attachment on the Debtor's property.

2

limits.  Thereafter, the debtor filed a chapter 13 petition.[3]  The

creditor filed a proof of claim in the bankruptcy case for the

amount stated in the tentative decision.  The debtor objected to

the proof of claim.  He  disputed liability but stipulated that

the amount of the claim was $255,954.[4]  At that time, the unsecured

debt limits were only $250,000.  The bankruptcy court dismissed

the case, holding that the debtor's dispute as to liability did

not render the claim unliquidated.  The district court affirmed.

On appeal, the <u>Slack</u> court observed that the majority of

courts have held that "a debt is liquidated if the amount of the

debt is readily ascertainable" and that "a dispute regarding

liability does not necessarily render a debt unliquidated."

<u>Slack</u>, 187 F.3d at 1074.   Other courts have held that a dispute

as to liability may render a debt unliquidated if the "dispute is

too great[.]"  <u>Id.</u>   It also acknowledged one case--<u>In re Pearson</u>,

773 F.2d 751, 756 (6th Cir. 1985)--taking a third approach: i.e,

holding that the court should look only "at the face of the

_____

[3]After the bankruptcy court dismissed the chapter case on
eligibility grounds and while that decision was on appeal, the
state court entered a final judgment in a somewhat lesser
amount, thus eliminating the dispute concerning liability.
However, the Ninth Circuit concluded that, because eligibility
had to be determined as of the petition date, this subsequent
event could not be considered.

[4]The <u>Slack</u> court does not make it clear whether this
stipulation occurred before or after the bankruptcy petition was
filed.  However, given the <u>Slack</u> court's holding that post-
petition events may not be considered, the Court infers that the
stipulation was made first in state court, pre-petition.

3

petition and calculate the debts based on what the debtor alleged

in good faith." <u>Id.</u>

The <u>Slack</u> court adopted either the first or second approach

as follows:

> We are persuaded that under this circuit's "readily determinable" standard, if the amount of the creditor's claim at the time of the filing the petition is ascertainable with certainty, a dispute regarding liability will not necessarily render a debt unliquidated. Whether the debt is subject to "ready determination" will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor. *See In re Wenberg*, *94 B.R. at 634.* Therefore, the mere assertion by the debtor that he is not liable for the claim will not render the debt unliquidated for the purposes of calculating eligibility under § 109(e).

<u>Id.</u>  <u>See also</u> <u>In re Ho</u>, 274 B.R. 867, 873-75 (Bankr. 9th Cir.

2002).[5] This is the rule of law that the Court must apply in

evaluating the Debtor's eligibility for chapter 13.[6]

---

[5]It does not appear that the first two approaches actually differ.  The first line of cases state that a dispute as to liability will not "necessarily" render a claim unliquidated. The second line of cases is simply more specific about when a dispute as to liability will not render a claim unliquidated: i.e., when an extensive hearing would not be required to determine liability.

[6]A subsequent Ninth Circuit panel, in a case decided two years after <u>Slack</u>, appears to have misread the <u>Slack</u> court's holding.  It recited as the applicable rule the third approach taken in <u>Pearson</u>.  <u>See</u> <u>In re Scovis</u>, 249 F.3d 975, 982 (9th Cir. 2001)(J. Nelson dissenting).  However, Ninth Circuit precedent may only be overruled by the court sitting *en banc*; it may not be overr by a subsequent panel.  <u>See</u> <u>In re Osborne</u>, 76 F.3d 306, 309 (9th Cir 1996).

4

In support of the Creditors' motion to dismiss, the Creditors submit documents filed with the state court in support of the application for the writ. In the declaration of Mark Shapiro (the "Shapiro Declaration"), Shapiro states that he first became acquainted with the Debtor in early 2002 when he contacted him and his partner for financial advice. At that time, the Debtor and his partner were operating under the name of the Corporation. Shapiro stated that he informed the Debtor that any investments he made had to be extremely low risk.

Over the next few years, the Debtor encouraged him to make a series of loans. Initially, the loans were in small amounts and were repaid on a timely basis. Thereafter, he was induced to make more substantial loans. At the Debtor's urging, he refinanced his home mortgage and obtained a home equity loan for this purpose. The Debtor assured him that the money would be invested in low risk ventures and that he could get the money back at any time on 60 days' notice.

At some point, repayments on the loans ceased. The Debtor's partner left the state without prior notice. When he pressed the Debtor for repayment, the Debtor contended that the funds had been lost in an unsuccessful real estate venture. Shapiro later learned that the venture in question had been highly speculative.

The Debtor attempts to blame his partner for any misrepresentations. He concedes that the Creditors have a claim against the Corporation and that the amount of the claim is

5

liquidated. However, he denies any personal liability. He notes that the promissory notes and investment agreement signed by the Creditors and the Debtor identified the borrower as the Corporation and that he signed them only on the Corporation's behalf. He asserts that the state court based its issuance of the writ of attachment on the contention that the Corporation was his alter ego. He contends that it would take an extensive hearing to litigate this alter ego theory.

The Debtor relies heavily on Ho for his contention that his dispute as to liability renders the Creditors' Claim unliquidated. In Ho, the debtor included in his personal bankruptcy schedules a contract claim against a corporation in which she was a minority shareholder. The debtor was not a party to the contract. The Ho court held that Ho's dispute as to any personal liability for the debt rendered the debt unliquidated and that the debt should not be included in the eligibility calculation.

The Debtor's reliance on Ho is misplaced. In Ho, unlike here, not only was the debtor not a party to the contract, she was not named as a defendant in the state court lawsuit. There were no allegations of fraud nor were there allegations that the corporate debtor was not a bona fide corporation. See Ho, 274 B.R. at 872. In the instant case, the Debtor has conceded that he has no personal knowledge of whether the Corporation was ever incorporated. He claims that he left that responsibility to his partner. The Creditors have provided substantial evidence that the Corporation was never formed.

6

Based on the foregoing, the Court concludes that the Debtor's liability for the Creditors' Claims would not require an extensive hearing and that the Creditors' Claims are liquidated.  Thus, the Debtor is ineligible to be a chapter 13 debtor.

**CONCLUSION**

        The Debtor is ineligible to be a chapter 13 debtor.  The Court will grant the Creditors' motion to dismiss unless the Debtor files a request for conversion to chapter 7 within 15 days from the date of this Memorandum.  If the request is timely filed, the case will be converted to chapter 7 without further notice or hearing.

END OF DOCUMENT

7

COURT SERVICE LIST

Richard A. Kutche
46 S. First St.
San Jose, CA 95113-2406

Stanley A. Zlotoff
300 S. First St., Ste. 215
San Jose, CA 95113

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26